# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KALEN CRANDALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV416-224 |
| | ) | |
| JOSE MORALES, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Kalen Crandall is incarcerated at Coastal State Prison in the State of Georgia. Invoking 28 U.S.C. § 2254, he seeks dismissal of an Iowa detainer[1] lodged against him and release from custody.

The Interstate Agreement on Detainers Act (IADA) is a congressionally sanctioned interstate compact which establishes a procedure for a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint" that is

---

[1] A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking it either to hold the prisoner for the agency or notify it when the prisoner's release is imminent. *See Cuyler v. Adams*, 449 U.S. 433, 436 n. 3 (1981). Detainers generally are based on outstanding criminal charges, outstanding parole or probation-violation charges, or additional sentences already imposed against the prisoner. *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

the basis of a detainer lodged against him by another state. If the prisoner makes such demand, this section requires the authorities in the other state to bring the person to trial within 180 days, or the court must dismiss the indictment, information, or complaint, thus dissolving the detainer. The IADA requires a prisoner to "cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." IADA, art. III(a).

Crandall's petition is deficient. First, he has filed for relief in the district of his incarceration, which is the wrong venue. 28 U.S.C. § 1406(a). *See Carchman*, 473 U.S. at 722. Venue lies in the prosecuting state which lodged the detainer against him, Iowa.. Petitioner should refile his petition in either the Northern or Southern District of Iowa (*i.e.*, in whichever district his prosecution occurred).

Second, the IADA requires that written notice of his place of imprisonment and his request for a final disposition be delivered through his custodian to the prosecuting officer. *Id.*, art. III(b). It is unclear from the petition whether petitioner followed these

requirements, thereby bringing the 'timely trial' provisions of the IADA into play. It also is unclear whether the State of Iowa failed to sentence Petitioner within the 180 day period required by the IADA. This information is necessary for relief to be granted by the Iowa District Courts.

Accordingly, Petitioner Kalen Crandall's habeas petition[2] should be **DENIED** without prejudice to his refiling in an appropriate venue.

**SO REPORTED AND RECOMMENDED,** this ___12th___ day of September, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]    It is worth noting that remedies other than habeas relief may be available to Petitioner if he seeks to refile his case in a district court in the State of Iowa. There is a split over the question of an IADA violation's cognizability on habeas, and it has been suggested that a sending State's failure can be better addressed through a suit under 42 U.S.C. § 1983 or a mandamus action. *See, e.g., Fex v. Michigan,* 507 U.S. 43 n.1 (1993).